### LYDIA LONG

*v.*

### WILLIAM A. SAUNDERS *et al..*

1. VENDOR AND PURCHASER—*remedy of the latter while in possession, against the former.* In an action of debt, upon a bond for the conveyance of real estate within sixty days from its date, assigning, as a breach, the failure to convey

within the time fixed, the defendants pleaded that, after the making of the writing obligatory, and before the commencement of the suit, the plaintiff, under the bond, entered into and took possession of the premises therein described, and remained in the use and occupancy of the same up to and until long after the commencement of the suit, and that the defendants executed and duly acknowledged a deed to the plaintiff to the lot and premises described, containing full covenants for a good title in fee simple, and free from all incumbrances, on a day named, (after the expiration of the sixty days,) and while the plaintiff was in possession of the premises, and offered to deliver the same to the plaintiff, and they, from that time, have been, and still are, ready, and offer, to deliver the same to the plaintiff: *Held*, that the pleas presented a bar to the action.

2. A purchaser of land, who has paid the price and taken possession, can not maintain an action to recover back the purchase money, without giving up the possession of the premises. He can not retain the use of the estate and maintain an action to recover back what he has paid.[*]

WRIT OF ERROR to the Circuit Court of Morgan county ; the Hon. CYRUS EPLER, Judge, presiding.

Mr. OSCAR A. DE LEUW, for the plaintiff in error.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Morgan circuit court, brought by Lydia Long, plaintiff, and against William A. Saunders, Stewart F. Murray and others, defendants, heirs at law of Samuel Murray, deceased, on a penal bond, conditioned, if defendants, heirs at law of Samuel Murray, deceased, should make to the plaintiff a good and sufficient deed of conveyance, in fee simple, free from all incumbrances, with full and proper covenants of warranty, within sixty days from the 15th day of March, 1871, to lot and house numbered 80, in the town of Murrayville, Morgan county, Illinois, valued at four hundred dollars, it being in full for all services performed by the plaintiff, or her children, for the said Samuel Murray, deceased, then the obligation was to be void.

[*]See *Yazel* v. *Palmer*, 81 Ill. 82.

The breach alleged was, that the defendants did not, nor would they, deliver a good and sufficient deed of the premises, within sixty days from the 15th day of March, or at any time afterwards, but wholly neglected so to do.

The defendants put in two pleas to the action, alleging, in substance, that, after making the writing obligatory, and before the commencement of the suit, the plaintiff, under this agreement, entered into and took possession of the premises therein described, and remained in the use and occupancy of the same up to and until long after the commencement of this suit, and that they, the defendants, executed and duly acknowledged a deed to the plaintiff to the lot and premises described, containing full covenants of warranty, and covenanting for a good title in fee simple, and free from all incumbrances, and on the 17th day of May, 1871, and while the plaintiff was in the occupancy and possession of the premises, offered to deliver the same to the plaintiff, and they, from that time, have been and still are ready, and offer, to deliver the same to plaintiff.

To these pleas there was a demurrer, which was overruled, and a judgment rendered against the plaintiff for the costs, to reverse which she prosecutes this writ of error, assigning for error this decision of the court upon the demurrer.

Plaintiff contends the first plea, denominated "seventh," is defective, because it avers a tender of a deed after the sixty days stipulated in the bond, and the second, denominated "eighth," is defective, because it does not aver a deed was tendered within the sixty days, but adroitly avoids this, by averring that, while the plaintiff was in possession, the defendants tendered a deed, which does not meet the breach assigned, which is, that a deed should be made within sixty days from March 15, 1871.

We think a full answer to the objections urged by the plaintiff in error is, that the pleadings show that, at the time of the commencement of this suit, the plaintiff was in the actual and undisputed occupancy of the premises which she had purchased, and for which she had fully paid in services rendered

to the deceased, Samuel Murray, whose representatives are these defendants. While so in possession, no authority has been cited to show she could maintain an action for the penalty of the bond. Plaintiff should, before suit brought, have restored the possession. It would not be just that she should retain the estate and recover back the purchase money.

We think the pleas presented a good defense to the action, and the demurrer was properly overruled.

The judgment is affirmed, with costs.

*Judgment affirmed.*